# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PETER KLAH, | : | |
| Petitioner, | : | Civil Action No. 16-8791 (PGS) |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al., | : | |
| | : | |
| Respondents. | : | |

This matter has come before the Court on a Petition for Writ of Habeas Corpus filed by Petitioner Peter Klah pursuant to 28 U.S.C. § 2254. The Court ordered Respondents to file an answer, ECF No. 6, and an answer was filed, ECF No. 12. Presently before the Court are Petitioner's motion to strike Respondents' brief, and motion to amend the Petition to seek an evidentiary hearing. The motions are denied.

First, the Court will not strike a brief from Respondents that the Court *ordered* them to file. Petitioner asserts that the answer only addressed four claims, but "exclude[e] 8 other grounds submitted as an addendum but raised in the petitioner's traverse[.]" ECF No. 18 at 1. The Court has reviewed the latest pleading from Petitioner, ECF No. 3, and it indeed asserts only four claims. There is also nothing on the docket to indicate that Petitioner filed any "addendum" or a traverse until after the answer was filed; in fact, because Petitioner did not move to amend the Petition, the Court will likely ignore any new claims made in the traverse, especially when Petitioner appears to be circumventing rules of procedure to deprive Respondents an opportunity to respond. *See Chavarriaga v. N.J. Dept' of Corr.*, 806 F.3d 210, 232 (3d Cir. 2015) (finding

that a court is not obligate "to accept assertions in a brief without support in the pleadings. After all, a brief is not a pleading." (citation omitted)). Therefore, the motion to strike is denied.

As for the motion to amend, federal law grants this Court the discretion to decide if a hearing is necessary, whether or not a petitioner has requested one. *See* Rule 8, Rules Governing Section 2254 Cases in the United States District Courts. Indeed, the Supreme Court has *prohibited* evidentiary hearings in a § 2254 proceeding when the state court record sufficient supports the state court's ruling. *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011). As such, Petitioner's motion to amend is unnecessary; the Court will decide on its own whether an evidentiary hearing would be proper.

**IT IS** therefore on this ___1___ day of ___August___, 2017,

**ORDERED** that Petitioner's motion to strike, ECF No. 18, and motion to amend, ECF No. 19, are hereby **DENIED**; and it is further

**ORDERED** that the Clerk shall serve this Order on Petitioner by regular mail.

_____
Peter G. Sheridan
United States District Judge