# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER KLAH, | Civil Action No. 16-8791 (PGS) |
| Petitioner, | |
| v. | **MEMORANDUM ORDER** |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al., | |
| Respondents. | |

This matter has come before the Court on a Petition for Writ of Habeas Corpus filed by Petitioner Peter Klah pursuant to 28 U.S.C. § 2254. Presently before the Court is Petitioner's motion to stay the matter, to allow him to exhaust his state court remedies on certain claims raised in the Petition. ECF No. 24. According to Petitioner, he filed a second post-conviction relief ("PCR") application in state court, which was already denied by the trial court, but he wishes to appeal that denial. Respondents do not oppose the motion. *See* ECF No. 26.

When a habeas petition contains both exhausted and unexhausted claims, it is considered a mixed petition as explained in *Rhines v. Weber*, 544 U.S. 269 (2005). Federal district courts may not adjudicate mixed petitions. *Id.* at 273. Normally, the Court is directed to dismiss a mixed petition without prejudice, *id.* at 274, but a stay and abeyance may be appropriate when a dismissal without prejudice would cause a petitioner to run afoul of the habeas statute of limitations, and lose his opportunity to seek federal habeas review. *See id.* at 275-76.

Here, however, the Court is unsure whether the Petition is in fact a mixed petition. Petitioner does not explain to the Court which of his habeas claims were raised on direct appeal, which were raised in the first PCR application, and which were raised in the second PCR

application. Indeed, the Court is unsure whether any claims raised in the second PCR application have been included in the Petition at all. Without this information, the Court has no basis to grant a stay.[1] In the interest of justice, Petition shall have 30 days to supplement his motion by submitting the relevant information to allow the Court to make an informed decision on whether a stay is warranted; failure to timely supplement the motion will result in the denial of the motion.

IT IS therefore on this \_\_6\_\_ day of \_\_December\_\_, 2017,

**ORDERED** that Petitioner shall, within 30 days of this Order, supplement his motion to stay, ECF No. 24, in a manner consistent with the Court's holdings herein; failure to timely supplement will result in the denial of the motion; and it is further

**ORDERED** that the Clerk shall serve this Order on Petitioner by regular mail.

_____
Peter G. Sheridan
United States District Judge

---

[1] The Court takes this opportunity to note that per the Court's September 6, 2017 Order, Respondents were to file an answer to address the remaining claims of the Amended Petition within 45 days. *See* ECF No. 25. As of the date of this Order, almost three months later, no such answer has been filed, nor have Respondents sought an extension. Although Petitioner filed the motion to stay, and Respondents do not oppose the motion, the Court has yet to grant the motion, so the Court's order to answer remains in effect. Had the answer been timely filed, the relevant records may have included the information the Court needs to decide the motion to stay.