IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER KLAH,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,<br><br>　　　　Respondents. | HONORABLE PETER G. SHERIDAN<br><br>Civil Action<br>No. 16-8791 (PGS)<br><br>**OPINION** |

APPEARANCES:

PETER KLAH, Petitioner Pro Se
959782B-653390
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey 08625

ANGELO J. ONOFRI, Mercer County Prosecutor
TIMOTHY F. TRAINOR, Assistant Prosecutor
Mercer County Prosecutor's Office
Mercer County Courthouse
P.O. Box 8068
209 South Broad Street, Third Floor
Trenton, New Jersey 08650-0068
Attorneys for Respondents Attorney General of State of New Jersey and Steven Johnson

**SHERIDAN, U.S. District Judge:**

# I. INTRODUCTION

　　　　This matter comes before the Court on Petitioner Peter Klah's motion to stay his petition under 28 U.S.C. § 2254 pending exhaustion of state court remedies. (ECF No. 24). Respondents do not object to a stay provided reasonable limitations are placed on Petitioner's return to the

state courts. (ECF No. 26). After a review of the submissions of the parties, including Petitioner's supplemental materials (ECF No. 31), the Court will grant the motion.

## II. BACKGROUND

A Mercer County jury convicted Petitioner of first-degree murder, N.J. STAT. ANN. § 2C::11–3(a)(2); second-degree possession of a weapon for an unlawful purpose, N.J. STAT. ANN. § 2C:39–4(a); third-degree theft by receiving stolen property, N.J. STAT. ANN. § 2C:20–7, 2C:2–6; and third-degree possession of a controlled dangerous substance with intent to distribute on or near school property, N.J. STAT. ANN. §§ 2C:35–7, 2C:2–6. *State v. Klah*, No. A-1271-10, 2012 WL 2427809, at *1 (N.J. Super. Ct. App. Div. June 28, 2012). The New Jersey Supreme Court denied certification on January 16, 2013. *State v. Klah*, 65 A.3d 834 (N.J. 2013).

On December 27, 2013, Petitioner filed a post-conviction relief ("PCR") petition in the Law Division raising several ineffective assistance of trial counsel claims. (ECF No. 1 ¶¶ 11(a)(3)-(5)). The PCR court denied the petition without an evidentiary hearing on June 30, 2014. (ECF No. 1 ¶¶ 11(a)(7)-(8)). The Appellate Division affirmed, *State v. Klah*, No. A-5844-13, 2016 WL 1418315 (N.J. Super. Ct. App. Div. Apr. 12, 2016), and the New Jersey Supreme Court denied certification on September 23, 2016, *State v. Klah*, 151 A.3d 969 (N.J. 2016).

Petitioner submitted his § 2254 to this Court on November 24, 2016. (ECF No. 1). He indicated in his petition that he mailed a second PCR petition to the Law Division on November 23, 2016. (ECF No. 1 ¶ 15). Petitioner filed an Amended Petition on December 16, 2016. (ECF No. 3). The Court ordered an answer or a motion to dismiss based on timeliness from Respondent on January 25, 2017. (ECF No. 6). Respondents filed their answer on June 12, 2017. (ECF No. 12).[1]

---

[1] Petitioner filed a reply, and in it raised arguments relating to 11 different grounds for relief, even though the Amended Petition only stated 4 grounds for relief. (ECF No. 17). Petitioner

2

On September 5, 2017, Petitioner filed the instant motion to stay his habeas proceedings pending exhaustion of his second PCR petition in the Appellate Division. (ECF No. 24). The Court directed Petitioner to file a supplement to his motion setting forth the claims raised in the second PCR petition. (ECF No. 30). Petitioner provided the supplemental information. (ECF No. 31).

## III. ANALYSIS

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA provides prisoners *one* opportunity, except in limited circumstances, to challenge the legality of their detention pursuant to the judgment of a state court. Petitioners must also exhaust the remedies available in state courts before a federal court can grant a § 2254 petition unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the application." 28 U.S.C. §§ 2254(b)(1)(B)(i)-(ii). Under certain circumstances, this Court may stay the habeas proceedings to permit a petitioner to exhaust state court remedies. *Rhines v. Weber*, 544 U.S. 269 (2005).

Petitioner asks this Court to stay the proceedings so he may exhaust three issues in a second PCR proceeding: (1) ineffective assistance of trial counsel for failure to retain complete discovery which denied Petitioner the ability "to make a decision on a proper plea deal under *Brady* act"; (2) the trial court made improper remarks "which the defendant was noted in the N.J.

---

then filed a motion to strike the Answer, on the ground that it did not respond to all of Petitioner's claims. (ECF No. 18). The Court denied the motion, finding that Respondents properly responded to all four grounds raised in the Amended Petition. (ECF No. 20). Petitioner moved to amend his petition to include the additional claims. (ECF No. 22). The Court granted the motion and directed Respondents to answer the additional claims within 45 days. (ECF No. 25). To date, Respondents have not filed their answer to the additional claims, but they need not do so now as the motion for a stay is being granted.

3

Supreme Court footenote [sic] on page 6 of the *McFarlane* case which was prejudice under the due process"; and (3) "the cumulative errors of defense counsel and trial court render [their] performance deficient and deprived defendant the meaningful assistance of counsel . . . ." (ECF No. 31 at 8). The Supreme Court has stated that a "stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims." *Rhines*, 544 U.S. at 270.

Petitioner indicates he was concerned about the passage of time to file his § 2254 petition. (ECF No. 24 at 1). Petitioner's direct review concluded on April 16, 2013, ninety days after the New Jersey Supreme Court denied certification on his direct appeal. *State v. Klah*, 65 A.3d 834 (N.J. 2013). The statute of limitations was statutorily tolled 255 days later when he filed his first PCR petition on December 27, 2013. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). It remained tolled until September 23, 2016 when the New Jersey Supreme Court denied certification. Petitioner had 110 days left in the one-year limitations period. This small amount of remaining time provides good cause for not exhausting the remaining claims before filing the habeas petition.

Based on the *Rhines* factors and as Respondents do not object, the Court will grant the stay. The claims are not plainly without merit, and there is no evidence that the stay is a delay tactic. Petitioner will have 30 days from the date of this Opinion and Order to file with the state

courts.[2] Within 30 days of the conclusion of state court proceedings, Petitioner shall file a second amended § 2254 petition in this Court containing all of the grounds he wishes the Court to review.

## IV. CONCLUSION

For the reasons stated above, Petitioner's motion for a stay and abeyance is granted. An accompanying Order will be entered.

_____  
Date

*(signed)* 6/25/18  
PETER G. SHERIDAN  
U.S. District Judge

---

[2] The Court acknowledges that Petitioner's second PCR petition has been denied by the Law Division. (ECF No. 24). It is not clear as to the status of any appeal as Petitioner appears to have withdrawn the appeal in the Appellate Division. (ECF No. 29). Petitioner must present the issues to all three levels of state courts to properly exhaust his claims, however. The Court expresses no opinion as to whether the state courts will accept Petitioner's filings.